**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-1956
_____

FRANK BASIL McFARLAND,

Petitioner-Appellant,

VERSUS

JAMES A. COLLINS,
Texas Department of Criminal Justice, Institution Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____
(November 19, 1993)

Before DAVIS, JONES and DUHÉ, Circuit Judges.

PER CURIAM:

Frank Basil McFarland appeals the district court's denial of a stay of execution and the district court's failure to appoint counsel.[1]  The district court denied the stay finding that McFarland had not shown substantial grounds upon which habeas relief might be granted, largely because of his failure to exhaust his state remedies.  Late on the eve of the scheduled execution, this Court granted a stay of execution in part because the State waived the exhaustion requirement as to the issue raised by Petitioner's habeas petition, and indicated it had no objection to a stay.

---

[1]  The motion for appointment filed in this matter was not ruled on by the district court, so there is no action to review.

Thereafter Petitioner, in an effort to avoid future abuse of writ problems,[2] noticed the dismissal of his petition for writ of habeas corpus in the district court.[3] McFarland's attorney and the Texas Resource Center urge this Court not to consider McFarland's appeal moot as a result of the dismissal. We are unconvinced and find that the dismissal of the habeas renders moot the issues raised in this appeal. We accordingly dismiss this appeal and lift the stay of execution issued by this Court on October 26, 1993.

This appeal calls upon us to determine whether the district court correctly denied the stay of execution. Answering this question requires us to review the district court's decision that McFarland has not shown a substantial ground upon which habeas relief can be granted. Petitioner is no longer seeking habeas relief. Any decision now by this Court whether the dismissed habeas petition did or did not show substantial grounds on which relief could be granted would be purely advisory. The dismissal of the habeas rendered the question moot.

We are unpersuaded by the suggestion that Petitioner's claimed violation of his right to meaningful assistance of counsel by the denial of the stay remains justiciable because it is "capable of repetition yet evading review." The present scenario is not capable of repetition, because Rule 41(a) will not allow successive

---

[2] But see Potts v. Zant, 638 F.2d 727, 742 (5th Cir.), cert. denied, 454 U.S. 877 (1981).

[3] The district court originally had pending before it a habeas petition and a motion by McFarland for stay of execution.

2

voluntary dismissals without prejudice. A subsequent notice of the dismissal of an action based on or including the same claim will operate as an adjudication upon the merits. Fed. R. Civ. P. 41(a)(1). Moreover, now that Petitioner has counsel, and now that his execution has been delayed by both a stay granted by this Court and a stay granted by the Supreme Court in a related case, counsel has had a continuing opportunity to review McFarland's case. Petitioner now has both counsel and a stay. We can grant him no further relief in this appeal. Accordingly, the appeal is

DISMISSED AS MOOT; STAY LIFTED.